NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0542n.06

No. 13-4308

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 22, 2014
DEBORAH S. HUNT, Clerk

ALEJANDRO MALDONADO-TORRES, )
)
    Petitioner, )
)
        ON PETITION FOR REVIEW
v. )    FROM THE UNITED STATES
)    BOARD OF IMMIGRATION
)    APPEALS
ERIC H. HOLDER, JR., Attorney General, )
)
    Respondent. )
)
)

BEFORE: SILER and KETHLEDGE, Circuit Judges; WATSON, District Judge.[*]

PER CURIAM. Alejandro Maldonado-Torres petitions this Court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his motion to reopen his removal proceedings. As set forth below, we deny the petition for review.

The Department of Homeland Security served Maldonado-Torres, a native and citizen of Mexico, with a notice to appear charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Maldonado-Torres admitted the notice's factual allegations and conceded removability as charged. On April 3, 2012, an immigration judge (IJ) granted Maldonado-Torres's request for voluntary departure in lieu of removal, requiring departure on or before August 1, 2012.

_____

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

On July 30, 2012, the immigration court received Maldonado-Torres's motion to reopen his removal proceedings to allow him to apply for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In support of his motion, Maldonado-Torres asserted that he and his family are perceived as wealthy landowners in Mexico and are targeted for extortion by the drug cartels. Maldonado-Torres alleged that, on July 2, 2012, cartel members abducted his brother and forced him to pay $70,000—money that Maldonado-Torres had sent to his family in Mexico. The cartel members said that, if Maldonado-Torres returned to Mexico in August, he would have to give them half of everything he has or they would kill him.

The IJ denied Maldonado-Torres's motion to reopen. The IJ determined that the motion was untimely and that Maldonado-Torres failed to establish changed country conditions in Mexico to allow him to file his motion outside the ninety-day limitations period. Assuming that there was a change in country conditions, the IJ concluded that Maldonado-Torres failed to establish eligibility for asylum, withholding of removal, or CAT protection.

Maldonado-Torres filed an appeal from the IJ's denial of his motion to reopen, which the BIA dismissed. According to the BIA, the IJ correctly concluded that Maldonado-Torres's motion to reopen was based on changed personal circumstances rather than changed country conditions in Mexico. With respect to the IJ's alternative ruling, the BIA determined that Maldonado-Torres's claimed group of "perceived wealthy landowners in Mexico" did not constitute a cognizable social group for immigration purposes and that potential targeting by criminals for pecuniary gain did not give rise to an asylum or withholding of removal claim. The BIA further found that the IJ properly denied Maldonado-Torres's application for CAT protection because he failed to establish that he would more likely than not be tortured by or with the acquiescence of the government upon his return to Mexico.

Maldonado-Torres now petitions this Court for review of the BIA's order. Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the denial of a motion to reopen for abuse of discretion. *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009). "An abuse of discretion exists where the denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Id*. (internal quotation marks omitted).

A motion to reopen must be filed within ninety days of the final administrative order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i). "There is no time limit on the filing of a motion to reopen if the basis of the motion is to apply for [asylum or withholding of removal] and is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id*. § 1229a(c)(7)(C)(ii). Maldonado-Torres cites the incorrect standard, relying on the "changed circumstances" standard for excusing the one-year deadline for filing for asylum rather than the "changed country conditions" standard applicable to motions to reopen. *See Liu v. Holder*, 560 F.3d 485, 492 (6th Cir. 2009).

"[A] change in personal circumstances that is unaccompanied by a change in country conditions is insufficient to reopen proceedings." *Zhang v. Holder*, 702 F.3d 878, 879–80 (6th Cir. 2012). Maldonado-Torres admitted that he "knew of the general dangerous situation in Mexico created by the drug cartels" at the time of his removal hearing and submitted evidence that his family has been targeted by the cartels for some time. In support of his motion to

reopen, Maldonado-Torres alleged that, after the IJ granted him voluntary departure, he learned that cartel members had made a direct threat toward him—a change in personal circumstances—but failed to provide any evidence of changed country conditions in Mexico.

Maldonado-Torres's brief does not mention his application for CAT protection. That claim has therefore been abandoned. *Hachem v. Holder*, 656 F.3d 430, 433–34 (6th Cir. 2011).

We can discern no abuse of discretion in the denial of Maldonado-Torres's motion to reopen his removal proceedings. Accordingly, we deny Maldonado-Torres's petition for review.